J-A03035-15

IN THE INTEREST OF: J.D.,       :     IN THE SUPERIOR COURT OF
        A MINOR     :       PENNSYLVANIA
                   :
APPEAL OF: J.J.B., MOTHER     :     No. 1347 MDA 2014

Appeal from the Order entered July 8, 2014,
in the Court of Common Pleas of Union County, Juvenile
Division, at No(s): CP-60-DP-0000008-2013

BEFORE:  MUNDY, STABILE, and FITZGERALD*, JJ.

JUDGMENT ORDER PER CURIAM:          **FILED MARCH 31, 2015**

On March 13, 2015, this Court received a Supplemental Record from the trial court, which included a permanency review order filed March 3, 2015 (attached as Exhibit "A"), indicating: (1) on March 3, 2015, both Appellant J.J.B. ("Mother") and R.D. ("Father") signed consents to adoption; (2) the next hearing is scheduled for April 7, 2015; and (3) the projected date for achieving the goal of adoption is May 2015.

In light of the foregoing, we direct all parties to provide, within ten days of the date of this order, a written explanation to this Court as to whether this appeal should be dismissed as moot.  The trial court may also subsequently provide, as a supplemental record, any order entered as a result of the April 7, 2015 hearing, along with any explanatory opinion.

Panel jurisdiction retained.

---

* Former Justice specially assigned to the Superior Court.

Commonwealth of Pennsylvania

In the Interest Of:

 A Minor
Date of Birth: ████2013

IN THE JUVENILE COURT OF THE 17TH JUDICIAL DISTRICT

UNION COUNTY BRANCH, PENNSYLVANIA

JUVENILE DIVISION

DOCKET NO:  CP-60-DP-0000008-2013
FID:  60-FN-000007-2013

## PERMANENCY REVIEW ORDER

### Attendance

| Attendee Name | Attendee Role | Attendance Type |
|---|---|---|
| Union County Children and Youth Services | Children and Youth Services | In Person |
| Brosius, Heath Wayne | Guardian Ad Litem | In Person |
| Bearden, Jasmine J. | Biological Mother | In Person |
| D████, J████ | Child | Did Not Attend |
| D████, R████ | Biological Father | In Person |
| Lemon, Mark Harris | Attorney for Biological Mother (B████, J████.) | In Person |
| Ulmer, Brian W. | Attorney for Biological Father (DeHart, Ricky) | In Person |
| Johnson, Patrick Adam | Attorney for Children and Youth Services (Union County Children and Youth Services) | In Person |

Additional Attendees: Melissa Tharp, Foster Mother; CASA; Kathleen Pino, UCCYS; maternal and paternal relatives

AND NOW, this 3rd day of March, 2015, the court finds:

**CONTINUING PLACEMENT - Necessity and Appropriateness**

The placement of the child continues to be necessary and appropriate.

**PERMANENCY PLAN - Compliance**

MOTHER - There has been moderate compliance with permanency plan, in that mother is consenting to the child's adoption, as she believes it is in the best interest of her child that he be adopted by his current foster family.

FATHER - There has been moderate compliance with permanency plan, in that father is consenting to the adoption of his child, as he believes it is in the best interest of his child that he be adopted by his current foster family.

**PERMANENCY PLAN - Reasonable efforts to finalize**

Reasonable efforts have been made by the Union County Children and Youth Services ('Agency') to finalize this child's permanency plan, in that the Agency assisted the parents in obtaining services necessary to facilitate reunification. The parents are consenting to the child's adoption by his current foster family as they feel this is in the child's best interest.

CODED 3/11/15

HARRIET ZEYN

Z B

EXHIBIT A

## AGGRAVATED CIRCUMSTANCES EXIST-PERMANENCY PLAN

NOT COMPLETE - Having previously determined that aggravated circumstances exist and that no new or additional efforts to preserve and reunify the family are required, reasonable efforts have been made by the Agency to place the child in a timely manner in accordance with the permanency plan but the following steps are necessary to finalize the permanent placement of the child: The parents signed consents to adoption on March 3, 2015. Their consents will be confirmed after 30 days have elapsed, and the child will be adopted by his foster family thereafter.

### PROGRESS - Towards alleviating the circumstances which necessitated the original placement

MOTHER - There has been minimal progress toward alleviating the circumstances which necessitated the original placement, in that mother is not in a position to be caregiver for her child. She understands that it is in her child's best interest to be adopted by his current foster family, and she signed a consent to adoption prior to this proceeding.

FATHER - There has been minimal progress toward alleviating the circumstances which necessitated the original placement, in that father is not in a position to be caregiver for his child. He understands that it is in his child's best interest to be adopted by his current foster family, and he signed a consent to adoption prior to this proceeding.

### CURRENT PERMANENT PLACEMENT GOAL - Appropriateness and Feasibility

The current placement goal for the child is return to parent or guardian. The projected date by which the goal for the child might be achieved is: N/A

### CONCURRENT PLACEMENT PLAN

The concurrent placement plan for the child is Adoption.

### PERMANENCY PLAN/PLACEMENT GOAL

The permanency plan developed for this child is appropriate and feasible except that it shall be modified or supplemented as follows: the parents signed consents to adoption prior to this proceeding. The permanency plan shall be modified and the Agency will pursue now puruse the goal of Adoption.

The current placement goal is NOT appropriate and/or NOT feasible.

### PERMANENT PLACEMENT - Change of Goal

The Court Orders, the new permanent placement goal hereby determined to be Adoption. The projected date by which the goal for the child might be achieved is: May 2015

### CURRENT PLACEMENT - Child's Safety

The child is safe in the current placement setting.

### SERVICES - for children age 16 and older

This child has not yet attained the age of 16.

### AS TO WHETHER A PETITION TO TERMINATE PARENTAL RIGHTS HAS OR WILL BE FILED:

The child has been in placement for 15 of the last 22 months.

PETITION FILED - The Agency has filed or joined a petition to terminate parental rights.

### INDIAN STATUS

The child is not Indian as defined in 25 U.S.C. 1903(4), and the Indian Child Welfare Act does not apply to these proceedings.

### ORDER OF COURT - On the basis of the above findings, IT IS HEREBY ORDERED THAT:

Legal Custody of the Child shall remain with the Union County Children and Youth Services Agency.

Physical Custody of the Child shall remain with the Union County Children and Youth Services Agency.

Placement of the Child shall remain in Foster Care, specifically the Family Care for Children and Youth Foster Home of Melissa Tharp and Shane Shingara. The Child's placement is the least restrictive placement that meets the needs of the child and there is no less restrictive alternative available, in that this two parent foster home provides a safe, secure, and loving home for the child in the least restrictive most family-like setting possible.

The Child shall be under the protective supervision of the Agency.

The additional condition(s) of visitation is set forth as: Visits that occur at the UCCYS Office shall be audio and video recorded.

**MEDICAL CONSENT**

It is further ORDERED that if the child is in the legal custody of the county agency as defined by the Juvenile Act at 42 Pa.C.S. § § 6301-6365, the County Children and Youth Services Agency has the authority to consent to routine treatment of the child.

**NEXT SCHEDULED COURT DATE(S)**

Next Scheduled Court Date: April 7, 2015 at 1:00 p.m.

**SERVICE**

A copy of this order shall be served upon all parties by Union County Children and Youth Services.

Cc:
Attorney Patrick A. Johnson, UCCYS Solicitor
Union County Children and Youth Services (2)
Attorney Heath W. Brosius, Guardian ad litem
Deputy Court Administrator
J██████ B██████, Mother
R███ D█████, Father
Attorney Mark H. Lemon, Counsel for Mother
Attorney Brian Ulmer, Counsel for Father
Family Care for Children and Youth, Placement Provider
Shane Shingara and Melissa Tharp, Foster Parents
CASA

Such disposition having been determined to be best suited to the protection and physical, mental and moral welfare of the child.

BY THE COURT:

Judge Michael H. Sholley